UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF11 Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11, | ) ) ) ) ) ) | Case No. 1:24-cv-00386-JAW |
| Plaintiffs | ) ) | |
| v. | ) ) | |
| WENDY LANGUET, | ) ) | |
| Defendant | ) ) | |
| RICHARD CORBETT and HAMMOND LUMBER COMPANY, | ) ) ) ) | |
| Parties-in-Interest | ) | |

**ANSWER OF PARTY-IN-INTEREST HAMMOND LUMBER COMPANY**

NOW COMES Party-in-Interest, Hammond Lumber Company ("Hammond"), by and through its attorneys, Richardson, Whitman, Large & Badger, and answers Plaintiff's Complaint as follows:

JURISDICTION AND VENUE

1.    Paragraph 1 of Plaintiff's Complaint states a legal conclusion to which no answer is required of Hammond.  To the extent an answer is deemed required, all material allegations are denied and Hammond demands strict proof thereof.

2. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies same.

3. Paragraph 3 of Plaintiff's Complaint states a legal conclusion to which no answer is required of Hammond. To the extent an answer is deemed required, all material allegations are denied and Hammon demands strict proof thereof.

### PARTIES

4. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore denies same.

5. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore denies same.

6. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore denies same.

7. Hammond admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

### FACTS

8. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies same.

9. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies same.

10. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies same.

11. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies same.

12. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies same.

13. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies same.

14. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies same.

15. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies same.

16. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies same.

17. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies same.

18. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of Plaintiff's Complaint and therefore denies same.

19. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies same.

20. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies same.

21. Hammond admits that it has a valid lien. The remaining allegations in Paragraph 21 of Plaintiff's Complaint state a legal conclusion to which no answer is required of Hammond. To the extent an answer is deemed required, all material allegations are denied and Hammond demands strict proof thereof.

22. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies same.

23. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies same.

<u>COUNT I – FORECLOSURE AND SALE</u>

24. Hammond repeats and reaffirms each and every answer to each and every allegation contained in Paragraphs 1 through 23 of Plaintiff's Complaint as if set forth fully herein.

25. Paragraph 25 of Plaintiff's Complaint states a legal conclusion to which no answer is required of Hammond. To the extent an answer is deemed required, all material allegations are denied and Hammond demands strict proof thereof.

26. Paragraph 26 of Plaintiff's Complaint states a legal conclusion to which no answer is required of Hammond. To the extent an answer is deemed required, all material allegations are denied and Hammond demands strict proof thereof.

27. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore denies same.

28. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore denies same.

29. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint and therefore denies same.

30. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of Plaintiff's Complaint and therefore denies same.

31. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of Plaintiff's Complaint and therefore denies same.

32. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore denies same.

33. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore denies same.

34. Hammond is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of Plaintiff's Complaint and therefore denies same.

35. Paragraph 35 of Plaintiff's Complaint states a legal conclusion to which no answer is required of Hammond. To the extent an answer is deemed required, all material allegations are denied and Hammond demands strict proof thereof.

WHEREFORE, Party-in-Interest Hammond Lumber Company prays that Defendant's Complaint be dismissed with costs awarded to Hammond and for such other and further relief as may be just and proper.

<u>AFFIRMATIVE DEFENSES</u>

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Hammond.

2. Hammond seeks a determination of the priorities of interests in the subject property, and upon sale of the subject property, seeks the payment of monies owed pursuant to its perfected interests.

DATED at Portland, Maine this 27th day of January, 2025.

*/s/ David P. Ginzer*

David P. Ginzer
Attorney for Party-in-Interest Hammond
Lumber Company

RICHARDSON, WHITMAN, LARGE & BADGER
85 Exchange Street – 3rd Floor
Portland, ME  04101
(207) 774-7474
dginzer@rwlb.com

<h1 style="text-align:center"><u>CERTIFICATE OF SERVICE</u></h1>

I hereby certify that on January 27, 2025, I caused a true copy of the foregoing document to be electronically filed with the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ David P. Ginzer*

David P. Ginzer
Attorney for Party-in-Interest Hammond
Lumber Company

RICHARDSON, WHITMAN, LARGE & BADGER
85 Exchange Street – 3rd Floor
Portland, ME  04101
(207) 774-7474
dginzer@rwlb.com