| | |
|---|---|
| **Deutsche Bank National Trust Company, as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF11 Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11** | **CIVIL ACTION NO: 1:24-cv-00386-JAW** |
| **Plaintiff** | **AMENDED COMPLAINT** |
| **vs.** | **RE:** <br> **161 Chandler Road, Belgrade, ME 04917** |
| **Wendy Beavis f/k/a Wendy Languet** | **Mortgage:** <br> **August 11, 2005** <br> **Book 8552, Page 0220** <br> **Kennebec Registry of Deeds** |
| **Defendant** <br> **Steven Edgecomb as Personal Representative for the Estate of Richard Corbett and Hammond Lumber Company** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Wendy Beavis f/k/a Wendy Languet, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Deutsche Bank National Trust Company, as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF11 Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11, in which, Albert Languet, was the obligor (since deceased and therefore not named in this action) and the total amount owed under the terms of the Note is Two Hundred Twenty-Two Thousand Six Hundred Seventy-Seven and 07/100 ($222,677.07) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Deutsche Bank National Trust Company, as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF11 Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11 is a National Bank with its principal/main place of business located at 2000 Avenue of the Stars, 9th Floor, North Tower, Los Angeles, CA 90071.

5. The Defendant, Wendy Beavis f/k/a Wendy Languet, is a resident of Belgrade, County of Kennebec and State of Maine.

6. The Party-in-Interest, Steven Edgecomb as Personal Representative for the Estate of Richard Corbett, is located at 223 Winthrop Street, Hallowell, ME 04347.

7. The Party-in-Interest, Hammond Lumber Company, is located at 2 Hammond Drive, Belgrade, ME 04917.

## FACTS

8. On March 30, 1999, by virtue of a Warranty Deed from Albert H. Languet, which is recorded in the Kennebec Registry of Deeds in **Book 5906, Page 154**, the property situated at 161 Chandler Road, City/Town of Belgrade, County of Kennebec, and State of Maine, was conveyed to **Albert H. Languet and Wendy J. Languet**, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On August 11, 2005, Albert Languet, executed and delivered to First Franklin, a Division of Nat. City Bank of IN a certain Note under seal in the amount of $134,800.00 (Said Note was not executed by Wendy J. Languet and therefore **she has no personal liability in this matter and Plaintiff seeks only an *In Rem* judgment against the subject property.).** *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. To secure said Note, on August 11, 2005**, Albert Languet and Wendy Beavis f/k/a Wendy Languet** executed a **Mortgage Deed** in favor of First Franklin, a Division of Nat. City Bank of IN, securing the property located at 161 Chandler Road, Belgrade, ME 04917 which Mortgage Deed is recorded in the Kennebec Registry of Deeds in **Book**

**8552**, **Page 0220**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to First Franklin Financial Corporation by virtue of an Assignment of Mortgage dated September 30, 2005, and recorded in the Kennebec Registry of Deeds in **Book 8724**, **Page 0321**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Deutsche Bank National Trust Company, as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF11 Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11 by virtue of an Assignment of Mortgage dated January 11, 2013, and recorded in the Kennebec Registry of Deeds in **Book 11322**, **Page 0019**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. Upon information and belief, Albert Languet died on August 14, 2024, and at the time did not have a right of redemption of the subject mortgage (having given up any such rights pursuant to a divorce between himself and Wendy Beavis f/k/a Wendy Languet), therefore neither he nor his estate is a necessary party to this action.

14. On August 17, 2024, the Defendant, Wendy Beavis f/k/a Wendy Languet, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the U.S. Postal Service records (herein after referred to as the "Demand Letter"). *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendant, Wendy Beavis f/k/a Wendy Languet, of the payment due date, the total amount necessary to cure the default, and the deadline by

which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

16. The Defendant, Wendy Beavis f/k/a Wendy Languet, failed to cure the default prior to the expiration of the Demand Letter (She has no personal liability in this matter.).

17. The Plaintiff, Deutsche Bank National Trust Company, as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF11 Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, Deutsche Bank National Trust Company, as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF11 Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

19. The Plaintiff, Deutsche Bank National Trust Company, as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF11 Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

20. Steven Edgecomb as Personal Representative for the Estate of Richard Corbett is a Party-in-Interest pursuant to a Writ of Execution in the amount of $16,842.56 dated October 13, 2005, and recorded in the Kennebec Registry of Deeds in **Book 8659**, **Page 0237** and

maybe in second position behind Plaintiff's Mortgage if he has provided the required notice under Maine law.

21. Hammond Lumber Company is a Party-in-Interest pursuant to a Writ of Execution in the amount of $15,881.38 dated November 26, 2007, and recorded in the Kennebec Registry of Deeds in **Book 9576**, **Page 0246** and may be in third position behind Plaintiff's Mortgage if it has provided the required notice under Maine law.

22. The total debt owed under the Note and Mortgage as of October 25, 2024, is Two Hundred Twenty-Two Thousand Six Hundred Seventy-Seven and 07/100 ($222,677.07) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $157,417.68 |
| Interest | $2,806.53 |
| Fees | $1,253.73 |
| Funds Owed by Borrower | $1,796.43 |
| Funds Owed to Borrower | $-652.28 |
| Deferred Principal | $60,054.98 |
| Grand Total | $222,677.07 |

23. Upon information and belief, the Defendant, Wendy Beavis f/k/a Wendy Languet, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

24. The Plaintiff, Deutsche Bank National Trust Company, as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF11 Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 161 Chandler Road, Belgrade, County of Kennebec, and State of Maine. *See* Exhibit A.

26. The Plaintiff, Deutsche Bank National Trust Company, as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF11 Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Deutsche Bank National Trust Company, as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF11 Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11, has the right to foreclosure and sale upon the subject property. *See Johnson v. Toothaker v. Bayview Loan Servicing, LLC,* 2022 WL 3278883 JDL (D. Me 2022), citing *Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991).

27. The Plaintiff, Deutsche Bank National Trust Company, as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF11 Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendant, Wendy Beavis f/k/a Wendy Languet, is presently in default on said Mortgage and Note, having failed to make the monthly payment due May 1, 2024, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

29. Wendy Beavis f/k/a Wendy Languet, since she did not sign the subject Note, has no personal liability in this matter and the Plaintiff only seeks an *in rem* judgment against the subject property.

30. The total debt owed under the Note and Mortgage as of October 25, 2024, is Two Hundred Twenty-Two Thousand Six Hundred Seventy-Seven and 07/100 ($222,677.07) Dollars.

31. The record established through the Kennebec Registry of Deeds indicates that there is no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendant, Wendy Beavis f/k/a Wendy Languet's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

33. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Wendy Beavis f/k/a Wendy Languet, on August 17, 2024, evidenced by the U.S. Postal Service tracking records. *See* Exhibit F.

34. The Defendant, Wendy Beavis f/k/a Wendy Languet, is not in the Military as evidenced by the attached Exhibit G.

35. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Deutsche Bank National Trust Company, as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF11 Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amounts due, and priority of any Parties-In-Interest that appear and have valid liens under Maine law;

c) Grant possession to the Plaintiff, Deutsche Bank National Trust Company, as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF11 Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11, upon the expiration of the period of redemption;

d) Find that the Defendant, Wendy Beavis f/k/a Wendy Languet, are in breach of the Mortgage by failing to make payment due as of May 1, 2024, and all subsequent payments;

e) Find that the Plaintiff, Deutsche Bank National Trust Company, as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF11 Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11, is entitled to enforce the terms and conditions of the Note and Mortgage without any personal liability on the part of Wendy Beavis f/k/a Wendy Languet;

f) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs (without any personal liability on the part of Wendy Beavis f/k/a Wendy Languet);

g) Additionally, issue a money judgment against the Defendant, Wendy Beavis f/k/a Wendy Languet, and in favor of the Plaintiff, Deutsche Bank National Trust Company, as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF11 Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11, in the amount of Two Hundred Twenty-Two Thousand Six Hundred Seventy-Seven and 07/100 ($222,677.07 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If any Defendant has received a Bankruptcy Discharge of this Debt or did not sign the subject Note, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property);

h) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2005-FF11, Mortgage Pass-Through Certificates, Series 2005-FF11,
By its attorneys,

Dated: March 4, 2026

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com